IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Steven Samuel, </br></br>               Plaintiff, </br></br> v. </br></br> Warden G. Nolland; AW Richard Cothran; Major Kevin Sharp; Lt Centhia Ruth; Safety Lt. R. Jones; L. Harris, Grievance Coordinator; Jessey Pace, Med Supervisor; and Dr. Draco, </br></br>               Defendants. | Civil Action No.2:11-03417-JMC-BHH </br></br> **REPORT AND RECOMMENDATION** </br> **OF MAGISTRATE JUDGE** |

The plaintiff, a state prisoner proceeding pro se, brought this action pursuant to Title 42, United States Code, Section 1983. This matter is before the Court upon Plaintiff's Motion for "Order to Show Cause for Preliminary Injunction and Temporary Restraining Order." (Dkt. No. 4.)

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1) and Local Rule 73.02(B)(2)(e), D.S.C., all pretrial matters in cases involving *pro se* litigants are referred to a United States Magistrate for consideration.

The plaintiff brought this action on or about December 13, 2011. (Dkt. No. 1.) On or about December 19, 2011, Plaintiff filed the instant motion. (See Dkt. No. 4.) Defendants filed a Response in Opposition to this motion on April 3, 2012. (See Dkt. No. 20.)

As Defendants note, Plaintiff's motion is drafted as a proposed order of the Court. (Dkt. No. 20 at 1; see also Dkt. No. 4.) It is not entirely clear what relief Plaintiff is requesting in his motion, although Plaintiff does state that he wishes "to be moved to a new location–'away' from the constant 'reprisal'" and retaliation from Defendants that has "caused an enormous amount of 'pain' and 'emotional' stress." (Dkt. No. 4.)

Traditionally, a preliminary injunction "protect[s] the status quo . . . to prevent irreparable harm during the pendency of a lawsuit ultimately to preserve the court's ability to render a meaningful judgment on the merits." In re Microsoft Corp. Antitrust Litigation, 333 F.3d 517, 525 (4th Cir. 2003) (abrogated on other grounds by eBay, Inc. v. MercExchange, L.L.C., 547 U.S. 388 (2006)). In contrast, mandatory preliminary injunctions "generally do not preserve the status quo and normally should be granted only in those circumstances when the exigencies of the situation demand such relief." Id. at 526 (quoting Wetzel v. Edwards, 635 F.2d 283, 286 (4th Cir. 1980)). "[A] mandatory preliminary injunction must be necessary both to protect against irreparable harm in a deteriorating circumstance created by the defendant and to preserve the court's ability to enter ultimate relief on the merits of the same kind." Id. A preliminary injunction is "an extraordinary remedy never awarded as of right." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 24 (2008). To obtain a temporary restraining order ("TRO") or preliminary injunction, a plaintiff must show:

(1) that he is likely to succeed on the merits,

(2) that he is likely to suffer irreparable harm in the absence of preliminary relief,

(3) that the balance of equities tips in his favor, and

(4) that an injunction is in the public interest.

Id. at 20.

The undersigned recommends denying Plaintiff's Motion for "Order to Show Cause for Preliminary Injunction and Temporary Restraining Order." (Dkt. No. 4.) As noted above, it is less than clear exactly what relief Plaintiff is seeking. Furthermore, Plaintiff has not demonstrated–or even addressed–*any* of the Winter factors. See Winter, 555 U.S. at 20. Accordingly, Plaintiff's motion should be denied. See Direx Israel, Ltd. v. Breakthrough Med. Corp., 952 F.2d 802, 812 (4th Cir. 1991) (noting that the plaintiff "bears the burden of

2

establishing that each of these factors supports granting the injunction" (quoting <u>Technical Publishing Co. v. Lebhar-Friedman, Inc.</u>, 729 F.2d 1136, 1139 (7th Cir. 1984))).

Wherefore, it is RECOMMENDED that Plaintiff's Motion for "Order to Show Cause for Preliminary Injunction and Temporary Restraining Order" (Dkt. No. 4) be DENIED.

IT IS SO RECOMMENDED.

                                              s/Bruce Howe Hendricks
                                              United States Magistrate Judge

June 21, 2012
Charleston, South Carolina

**The plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).