IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Steven Samuel,                              ) | |
|                    Plaintiff,     ) | |
|                    v.               ) | Case No.: 2:11-cv-3417-PMD-BHH |
| Warden G. Nolland / AW Richard Cothran; ) | |
| Major Kevin Sharp; Lt. Centhia Ruth;   ) | |
| Safety Lt. R. Jones; L. Harris, *Grievance* ) | **ORDER** |
| *Coordinator*; Jessey Pace, *Med Supervisor*; ) | |
| and Dr. Draco,                             ) | |
|                    Defendants.    ) | |

This matter is before the Court upon Plaintiff Steven Samuel's ("Plaintiff") Motion to Reconsider ("Motion") the Court's Order of January 30, 2013 ("Order"). In the Order, the Court noted that Plaintiff failed to file objections to the Magistrate Judge's Report and Recommendation ("R&R") recommending that this Court grant summary judgment to Defendants as to all claims. The Court reviewed the record, agreed with and adopted in full the Magistrate Judge's R&R, and granted summary judgment to Defendants. After reviewing the Order, the Court denies Plaintiff's Motion to Reconsider.

**STANDARD OF REVIEW**

Reconsideration of a judgment is an extraordinary remedy that should be used sparingly. *Pac. Ins. Co. v. Am. Nat. Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998). A motion to alter or amend a judgment may be granted for only three reasons: (1) to follow an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. *Id.* "Rule 59(e) permits a court to alter or amend a

1

judgment, but it may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (internal quotation omitted).

## ANALYSIS

In his hand-written Motion, Plaintiff claims that he was unable to file objections to the R&R because prison officials prevented him from using the law library computer and from obtaining legal documentation out of his property. However, Plaintiff did not attach an affidavit or any other proof to support this assertion. Importantly, nowhere in his Motion does Plaintiff argue that the conclusions of the R&R were wrong, that he objects to any portion of the R&R, or that he should be given an extension of time within which to file his objections. Instead, he requests that this Court, in recognition that "the defendants played the key rol[e] in this case being dismissed," grant Plaintiff a full recovery of the court filing fee as well as the full amount of damages he claimed in his complaint—i.e., $500,000. (Pl.'s Mot. to Recons. 2). In other words, instead of challenging the R&R's conclusions on the merits of his case, Plaintiff insists that the Court grant his requested relief based on perceived procedural problems. This the Court will not do.

The Court is sympathetic to the challenges prisoners face in bringing *pro se* cases, and it takes seriously allegations of denial of the right of access to the courts. However, in this case, Plaintiff has given the Court no reason to doubt the R&R, as Plaintiff has not argued that the R&R contains any errors. Similarly, Plaintiff has not suggested that he would have any objections to file if this Court were to set aside its Order and provide Plaintiff with more time to file objections. Thus, Plaintiff has given the Court no reason to believe that there was a clear error of law or that manifest injustice will occur if its Order is left untouched. Similarly, there

2

has been no intervening change in controlling law, and Plaintiff has not alleged new evidence unavailable to the Magistrate Judge at the time she wrote the R&R. Accordingly, the Court sees no reason to reconsider and set aside its Order from January 30, 2013.[1]

## CONCLUSION

For the foregoing reasons, it is **ORDERED** that Plaintiff's Motion to Reconsider is **DENIED**.

_____
PATRICK MICHAEL DUFFY
United States District Judge

**February 21, 2013**
**Charleston, SC**

---

[1] To the extent that Plaintiff's Motion could be construed as a motion for relief under Rule 60(b)(3), the Court finds that Plaintiff failed to "prove the misconduct complained of by clear and convincing evidence and demonstrate that such misconduct prevented him from fully and fairly presenting his claim or defense." *McLawhorn v. John W. Daniel & Co., Inc.*, 924 F.2d 535, 538 (4th Cir. 1991); *see* Fed. R. Civ. P. 60(b)(3) (allowing the court to relieve a party from a final judgment for fraud, misrepresentation, or misconduct by an opposing party). Again, Plaintiff failed to attach an affidavit or any other form of evidence to his Motion.

3